NO. 07-11-00189-CV; 07-11-00190-CV; 07-11-0191-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 15, 2011

_____

IN THE INTEREST OF J.S., J.H. & J.H., CHILDREN

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 74,752-D, 79,585-D, 78,212-D; HONORABLE DON R. EMERSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following termination of their parental rights, appellants, Barbara Wesley and Caleb Huggins, filed notices of appeal through their appointed trial counsel. However, within the time for perfecting appeal, counsel filed amended notices of appeal that included affidavits of indigence for both Wesley and Huggins. The clerk's records in each of these causes reflect that trial counsel was permitted to withdraw from representation of appellants on appeal. Thus, both appellants have timely filed notices of appeal and affidavits of indigence, but do not appear to be represented by counsel on appeal. As such, this Court abated these appeals and remanded these causes to the trial court to determine if appellants are indigent, and whether attorneys ad litem should be appointed to represent them on appeal.

On remand, the trial court held a hearing on October 25, 2011. According to the record of this hearing, after being duly notified of the hearing at their last known address, neither Wesley nor Huggins were present for the hearing. As such, the trial court found that the parties' failure to appear precluded it from determining whether the parties are indigent. These appeals were reinstated by this Court on November 1.

Previously, appellants' briefs were due on or before August 18. When no briefs were received by this Court by that date, the Court sent notice to appellants that their briefs were past due, and that failure to file the briefs on or before September 19, may result in dismissal of the appeals without further notice. Due to some confusion regarding appellants' last known addresses, these notices were sent to two different addresses contained in the record as potentially being appellants' last known addresses. Both notices to Huggins were returned to the Court as undeliverable. Only one of the notices to Wesley was returned as undeliverable, so we presume that the other correspondence was received by Wesley. Neither appellant responded to our notices in any manner. Additionally, the record of the hearing held on remand establishes that appellants were properly notified of the hearing at their last known address, but failed to appear.

For the foregoing reasons, we now dismiss these appeals for want of prosecution and failure to comply with a notice from the Clerk of this Court requiring a response or other action in a specified time. See Tex. R. App. P. 38.8(a)(1), 42.3(b), (c).

Mackey K. Hancock
Justice

2